**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID G. LUCIO,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | No.  1:26-CV-00242-ADA |
| | § | |
| **ITT REMINGTON BUSINESS** | § | |
| **SCHOOL, ET AL.,** | § | |
| *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff David Lucio's application to proceed *in forma pauperis*. Dkt. 2. Because Lucio is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.      REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Lucio's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Lucio's request for *in forma pauperis* status, Dkt. 2. The Clerk

1

of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Lucio is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Lucio's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.      REVIEW OF THE MERITS OF THE CLAIM

Because Lucio has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Lucio alleges only that Defendants violated a contract related to "DEA Accounts Payable." Dkt. 1, at 4. Lucio requests an audit or investigation into the accounts' "exact dollar amount." *Id.* Initially, Lucio alleges insufficient facts demonstrating he has standing to bring suit. To have standing, (1) a plaintiff must have suffered an injury in fact, (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). It is unclear from Lucio's facts whether he owns the accounts in question, and thus whether he could be injured by any Defendant's conduct with respect to the accounts. Further, Lucio fails to allege any conduct on Defendants' part relating to the accounts in question. The undersigned cannot discern based on the facts alleged whether any injury to Lucio is causally connected to an action by any Defendant. Lucio's suit should be dismissed for lack of standing.

Alternatively, the Court lacks subject-matter jurisdiction over Lucio's case. District courts have jurisdiction over (1) federal question cases—suits "arising under"

federal law, and (2) diversity cases—suits between citizens of different states as to any matter valued at more than $75,000. 28 U.S.C. §§ 1331, 1332. As Lucio's suit is based on breach of contract, he fails to raise any federal claims. *See* 28 U.S.C. § 1331. To the extent Lucio alleges that Defendants violated "Federal Business Accounts through the U.S. Treasury," the undersigned finds that Lucio nonetheless fails to state a federal claim, as the undersigned cannot determine the nature of that claim based on the complaint. Dkt. 1, at 3. Second, there is not complete diversity, as Lucio and Defendant ITT Remington Business School are citizens of Texas. Dkt. 1, at 4; *see* 28 U.S.C. § 1332. Lucio's case should be dismissed on the alternative basis that the Court lacks subject-matter jurisdiction.

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Lucio's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Lucio's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by

the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 10, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

5